IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADAN SALMERON, § | | |
| Plaintiff, | | |
| | | |
| V. § | CIVIL ACTION NO. 4:20-cv-1631 | |
| | | |
| TEXAS FURNACE, LLC, ALLSTYLE | | |
| COIL COMPANY I, INC. and LENDELL | | |
| MARTIN, | | |
| Defendants. § | JURY DEMANDED | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Summary of Lawsuit

Texas Furnace, LLC, AllStyle Coil Company I, Inc., and their owner Lendell Martin ("Defendants") operate pursuant to a business plan that includes paying a non-exempt hourly employee like the Plaintiff the same hourly rate for all hours worked but not the overtime premium required by law for hours worked over 40. Defendants' refusal to pay the overtime premium required by law allows them to gain an unfair advantage over their competitors who follow the law. Defendants' illegal scheme also involved working and paying Plaintiff through two different companies in order to avoid paying legally mandated overtime. In this case, Defendants hired Plaintiff Adan Salmeron as an hourly employee, worked Mr. Salmeron more than 40 hours per week, and then failed to pay him legally required overtime. Mr. Salmeron brings this lawsuit against Defendants to recover unpaid overtime as allowed by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

1. Texas Furnace and AllStyle Coil are heating, ventilation, and air conditioning

products manufacturers and distributors. The companies have a vast product line including gas furnaces, condensers, air conditioners, and microchannel and evaporator coils. Both companies provide online product purchase and registration services and provide the goods they manufacture to companies across the United States.

2. AllStyle Coil and Texas Furnace have a manufacturing space that is over 500,000 square feet, making them the largest independent coil manufacturers in the United States.

3. Both companies are owned and operated by Lendell Martin. Mr. Martin is intimately involved in the day-to-day operations of the company, sets employee pay rates, and supervises the individuals working in the company. Mr. Martin also requires employees to monitor and report their time and any breaks. Mr. Martin monitors the time entries and makes payroll and other employment decisions based upon that information.

4. Mr. Salmeron worked for Defendants as a non-exempt worker from January 7, 2002 until October 21, 2019. Salmeron's duties included, but were not limited to, fabricating AC unit parts and securing the company after hours as assigned by the Defendants.

5. Following a work week in the factory manufacturing AC unit parts and other duties, for which he was paid on an hourly basis, Defendants then required Mr. Salmeron to serve as a security guard for the facility during the weekend, for which he was paid on a day-rate basis.

6. The companies kept track of Mr. Salmeron's hours, but do not aggregate the hours to determine the proper number of hours worked during any given work week. In addition, Mr. Salmeron was not paid for all the hours he worked in the factory on an hourly basis ("off-the-clock" time).

7. Mr. Salmeron was paid separately by the companies. AllStyle Coil withheld taxes

as required by law for an employee, but Texas Furnace did not. AllStyle Coil generated a W-2 form for Mr. Salmeron, but Texas Furnace provided a 1099. Neither company pays Mr. Salmeron an overtime premium for hours over 40.

8. The Defendants have an arrangement to share Mr. Salmeron's services.

9. Mr. Salmeron's employment and work acts directly in the interest of all three employers. Mr. Salmeron works in manufacturing during the week which directly benefits both AllStyle Coil and Texas Furnace. During the weekend, Mr. Salmeron safeguards the property and protects both of the businesses.

10. Both companies share control of Mr. Salmeron and both companies are under the control of Defendant Martin.

11. During the time he worked for the Defendants, Salmeron regularly worked in excess of 40 hours per week.

12. Defendants paid Salmeron on an hourly basis for some of his work, on a day-rate basis for some, and not at all for some. Defendants did not pay Salmeron an overtime premium for any of the hours he worked in excess of 40 in a workweek.

## Allegations Regarding FLSA Coverage

13. Defendants are covered by and subject to the overtime requirements of the FLSA.

14. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, manufacturing products from raw materials obtained in interstate commerce, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

15. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Fair Labor Standards Act, 29 U.S.C. §203(r) and 203(s).

16. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

17. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

## Plaintiff's Claims

18. Defendants were legally required to pay Mr. Salmeron overtime pay for all hours that he worked for Defendants in excess of 40 in any workweek.

19. Mr. Salmeron worked over 40 hours in most of the workweeks that he worked for Defendants.

20. Defendants did not pay Mr. Salmeron time-and-a-half for any of the overtime hours that he worked for the Defendants. Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other businesses that pay their employees all of the money required by law.

21. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Plaintiff. Such practice is a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

22. Defendants violated the FLSA by failing to pay Mr. Salmeron overtime pay for hours worked over 40 per workweek.

23. Mr. Salmeron has suffered damages as a direct result of Defendants' illegal actions.

24. Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Defendant, Jurisdiction, and Venue

25. Defendant Texas Furnace, LLC is a Texas limited liability company and an "employer" as defined by the FLSA. This Defendant may be served through its registered agent, Roger D. Martin, at 7037 Brittmore, Houston, Texas 77041, or wherever he may be found.

26. Defendant AllStyle Coil Company I, Inc. is a Texas corporation and an "employer" as defined by the FLSA. This Defendant may be served through its registered agent, Lendell Martin, at 7037 Brittmore, Houston, Texas 77041, or wherever he may be found.

27. Defendant Lendell Martin may be served at 7235 Hillcroft, Houston, Texas 77081, or wherever he may be found.

28. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

**Demand for Jury**

29. Plaintiff demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff demands:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendants that their violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. For such further relief as the Court deems just and equitable.

    Respectfully Submitted,

    **THE BUENKER LAW FIRM**

    */s/ Josef F. Buenker*
    Josef F. Buenker
    TBA No. 03316860
    jbuenker@buenkerlaw.com
    2060 North Loop West, Suite 215
    Houston, Texas 77018
    713-868-3388 Telephone
    713-683-9940 Facsimile
    **ATTORNEY-IN-CHARGE FOR**
    **PLAINTIFF ADAN SALMERON**

**OF COUNSEL:**
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgettlaw@gmail.com
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEYS FOR PLAINTIFF**
**ADAN SALMERON**